FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 12 2016

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

JOSEPH SANSEVERO,            )
                             )
         Plaintiff           ) Case No.: 4:16cv657-JLH
                             )
    v.                       ) COMPLAINT AND DEMAND FOR
                             ) JURY TRIAL
MIDLAND CREDIT               )
MANAGEMENT, INC.,            )
                             )  This case assigned to District Judge Holmes
         Defendant           )  and to Magistrate Judge Kearney

## COMPLAINT

JOSEPH SANSEVERO ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

- 1 -

PLAINTIFF'S COMPLAINT

3. Defendant regularly conducts business in the State of Arkansas, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Conway, Arkansas 72034.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 8875 Aero Dr., Suite 200, San Diego, CA 92123.

9. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. Defendant contacted Plaintiff in an attempt to collect a consumer debt, related to a credit card debt that was incurred primarily for personal, family or household purposes.

13. By way of background, Defendant began to place repeated harassing telephone calls to Plaintiff in August 2015.

14. At that time, in August 2015, Plaintiff requested that Defendant cease all telephone calls

15. However, the calls continued and between September 2015 and August 2016, Defendant placed repeated telephone calls to Plaintiff's cellular telephone to collect the alleged debt.

16. Defendant has placed calls to Plaintiff's cellular telephone number from the following phone number: (877) 434-3755. The undersigned has confirmed that this phone number belongs to Defendant.

17. Plaintiff repeatedly informed Defendant's collectors that he was not employed, disabled, could not afford to make any payments towards that debt, and to stop contacting him.

18. Defendant heard and acknowledged Plaintiff's request to stop calling by responding, "Ok."

19. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place further calls.

20. However, Defendant ignored Plaintiff's frequent requests and continued to call Plaintiff's cellular telephone daily, sometimes multiple times per day, in their attempts to collect this debt.

21. Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

22. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

24. Defendant violated §§ 1692d and 1692d(5) when it called Plaintiff's cellular telephone daily, sometimes multiple times per day, even after Plaintiff repeatedly requested that Defendant's repetitive calls stop

WHEREFORE, Plaintiff, JOSEPH SANSEVERO, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOSEPH SANSEVERO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: September 6, 2016    By: _____
Amy Lynn Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff